# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

MICHAEL VALENTINE GARDNER                                        PETITIONER

v.                          NO. 3:21-cv-00033 KGB-PSH

DEXTER PAYNE                                                     RESPONDENT

ORDER

Petitioner Michael Valentine Gardner ("Gardner") began this case by filing a motion for leave to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. 1983. In the complaint, Gardner joined Dexter Payne ("Payne"), Joe Page, III ("Page"), and Kenny Davis ("Davis") and alleged that they are erroneously denying his release on parole. Gardner then filed an amended complaint, a motion for status/order, a petition for writ of mandamus, and a second motion for leave to proceed in forma pauperis.

United States District Judge Kristine G. Baker subsequently granted Gardner's first motion for leave to proceed in forma pauperis but dismissed without prejudice his claims pursuant to 42 U.S.C. 1983 because he failed to state a claim upon which relief could be granted. Judge Baker construed

Gardner's amended complaint as a petition for writ of habeas corpus, found that he could "proceed without paying the 5.00 filing fee," and referred this case to the undersigned for "review consistent with the handling of such claims." <u>See</u> Docket Entry 6 at CM/ECF 3, 8.

This case is now before the undersigned. Given Judge Baker's directives, the undersigned orders the following:

1) Because this case has been construed as a habeas corpus case, the correct respondent is Payne. The Clerk of the Court shall strike the names of Page and Davis as parties to this case.

2) The Clerk of the Court is directed to serve by regular mail a copy of Gardner's petition for writ of habeas corpus, <u>see</u> Docket Entry 3, and this order on Payne and the Attorney General for the State of Arkansas. Respondent is directed to file an answer, motion, or other response to Gardner's petition. The answer, motion, or other response must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent must file an answer, motion, or other response within twenty-one days after service of the petition, exclusive of the day of service. As a part of the answer, motion, or other response, respondent shall include the following, <u>if</u> <u>applicable</u>:

A) the judgment of conviction;

B) the docket sheet from the sentencing court evidencing the history of the proceedings;

C) any order or opinion from an appellate court dismissing a direct appeal by Gardner, an order or opinion affirming his conviction, or a citation to any such order or opinion;

D) any order of any court dismissing a motion to vacate or habeas corpus petition filed by Gardner; and

E) any order or opinion from an appellate court dismissing an appeal by Gardner from the denial of a petition or motion, any order or opinion affirming the denial of a petition or motion, or a citation to such order or opinion.

3) Gardner's April 6, 2021, motion for status/order, a motion in which he asks "whom may be presiding over the tendered case at hand," is denied. See Docket Entry 4.

4) His May 3, 2021, petition for writ of mandamus, a pleading in which he appears to ask for the Court to act upon his case, is also denied. See Docket Entry 5.

5) Gardner's June 1, 2021, motion for leave to proceed in forma pauperis is denied as moot; Judge Baker has given Gardner permission to proceed without the prepayment of fees or costs. See Docket Entry 7.

Gardner is notified of his obligation to comply with the Federal Rules

of Civil Procedure and the Local Rules for the United States District Court

for the Eastern District of Arkansas. Specifically, he is directed to Local

Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 20th day of October, 2021.


_____
UNITED STATES MAGISTRATE JUDGE