IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL VALENTINE GARDNER**                                    **PETITIONER**

v.                          NO. 3:21-cv-00033 KGB-PSH

**DEXTER PAYNE**                                                  **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, brought pursuant to 28 U.S.C. 2254, petitioner Michael Valentine Gardner ("Gardner") maintains that Arkansas Department of Correction ("ADC") officials are erroneously administering his sentence, preventing him from becoming parole eligible. It is recommended that his petition for writ of habeas corpus be dismissed. His claims are not cognizable in a case brought pursuant to 28 U.S.C. 2254, and relief is not available to him. Moreover, his claims are without merit.

The record reflects that in January of 2017, Gardner pleaded guilty in an Arkansas state trial court to one count of residential burglary, a Class B felony. See Docket Entry 13, Exhibit A at CM/ECF 12-14. He was sentenced to probation for a period of 240 months. See Id.

In December of 2019, a petition to revoke Gardner's probation was filed in the state trial court. See Docket Entry 13, Exhibit A at CM/ECF 15, 17-20. In April of 2020, he pleaded guilty to the allegations contained in the petition. See Id. at 23. He was sentenced to the custody of the ADC for sixty months, with the imposition of an additional sixty month imprisonment suspended. See Id. at 24-25. As a part of his plea, he signed a document in which he acknowledged, in part, the following:

> I do hereby state that I have consulted with my attorney regarding entry of a plea in this case(s). I have consulted with my attorney regarding the possibility of parole in my case(s). However, I also understand that I should not rely upon any information he/she has provided to me as to my eligibility and I understand that no attorney, prosecuting attorney nor Judge has any control over the actions of the Arkansas Department of Corrections and that any parole time will be calculated by the parole board and cannot be calculated with any reasonable degree of certainty at this time. I advise the Court that I have not relied upon any conversation, advice or suggestion regarding any statute relating to parole from my attorney as to when I would be released on parole in entering into this plea agreement. ...

See Id. at 21.

Gardner entered the custody of the ADC, and his criminal history was reviewed. It was determined that he has a prior conviction for a felony sex offense. As a result, ADC officials began administering his sentence in accordance with paragraph (b) of Act 1805 of 2001, codified at Ark. Code Ann. 16-93-609(b) ("16-93-609"), a paragraph that provides the following:

> (b)(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.
>
> (2) As used in this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in 5-4-501(d)(2).

Because his sentence is being administered in accordance with 16-93-609, he is ineligible for parole.

Gardner challenged the application of 16-93-609 to his sentence by filing Grievance GR-20-00387 with ADC officials in May of 2020. See Docket Entry 13, Exhibit B at CM/ECF 1. In the Grievance, he challenged the constitutionality of 16-93-609 but simply noted that he has "only one felony conviction in [the] state of Arkansas (Not Two)." See Id. ADC officials denied the Grievance due to his "past and current convictions." See Docket Entry 13, Exhibit B at CM/ECF 5.

In June of 2020, Gardner filed a petition for writ of habeas corpus in an Arkansas state trial court. See Docket Entry 13, Exhibit A at CM/ECF 31-33. In the petition, he alleged that his constitutional rights are being violated by the manner in which ADC officials are administering his sentence. The petition was denied for lack of jurisdiction because he did not file the petition in the proper state trial court. See Docket Entry 13, Exhibit A at CM/ECF 38.

In December of 2020, Gardner challenged the application of 16-93-609 to his sentence by filing Grievance GR-20-00913 with ADC officials. See Docket Entry 13, Exhibit C at CM/ECF 1. In the Grievance, he alleged the following:

> ... This noted grievance has no ramifications or variance to any other written form. Including but not limited to: Grievance #CR-20-00387 or #GR-20-00821. Wherefore the aforementioned documents were, specifically contesting the applicability of Act 1805. "Parole eligibility" only. This written grievance is entirely different in construction, premise and principle. To wit subject, herein, simply wish to inquire whether matrix was in accordance to the "Habitual Offenders." Hence, this grievance is for court purpose only. Notwithstanding in the furtherance of justice, and in the sight of jurisprudence it is hereby required pursuant to Due Process of law to respond. Forthwith. Per Fourteenth (14) Amend. U.S. Constitution. ...

See Id. ADC officials denied the Grievance, noting that he had not been sentenced as an habitual offender. See Docket Entry 13, Exhibit B at CM/ECF 4-9.

In February of 2021, Gardner began the case at bar by filing a complaint pursuant to 28 U.S.C. 1983. See Docket Entry 2. In the complaint, he alleged that ADC officials are erroneously administering his sentence pursuant to the State of Arkansas' habitual offenders act.

Shortly thereafter, Gardner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in this case. See Docket Entry 3. In the pleading, he again alleged that ADC officials are erroneously administering his sentence pursuant to the State of Arkansas' habitual offenders act. He additionally alleged that ADC officials are erroneously administering his sentence in accordance with 16-93-609.

In May of 2021, United States District Judge Kristine G. Baker entered an order in which she addressed, inter alia, Gardner's complaint filed pursuant to 42 U.S.C. 1983 and the petition he filed pursuant to 28 U.S.C. 2254. See Docket Entry 6. In the order, she dismissed his complaint pursuant to 42 U.S.C. 1983 because he failed to state claims upon which relief can be granted. With respect to the claims, she found the following:

> The Court interprets Mr. Gardner's allegations as a due process claim. Mr. Gardner, however, does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Parker v. Corrothers, 750 F.2d 653, 655-57 (8th Cir. 1984). A protected liberty interest "may arise from two sources — the Due Process Clause itself and the laws of the States." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (internal citation omitted). There is "'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Jackson v. Nixon, 747 F.3d 537, 551 (8th Cir. 2014) (quoting Greenholtz, 442 U.S. at 7). State law may create a liberty interest if "'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.'" Snodgrass v. Robinson, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted).
>
> When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing — that he will be released from the State's custody at the end of the term of years specified by the sentencing court." Richmond v. Duke, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Under Arkansas law, the Parole Board may release an individual on parole, but there is no right to release. Arkansas parole statutes create only the

> possibility of parole, not "a protectable liberty interest in discretionary parole decisions . . . ." Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir 2007); see also Persechini v. Callaway, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions). Because Mr. Gardner has no protected liberty interest in the possibility of parole, his allegations fail to state a 42 U.S.C. § 1983 claim on which relief may be granted. ...

See Docket Entry 6 at CM/ECF 7-8. Judge Baker allowed the claims set forth in Gardner's petition pursuant to 28 U.S.C. 2254 to move forward, and she referred the petition to the undersigned for recommended disposition.

Respondent Dexter Payne ("Payne") filed a response to Gardner's petition and asked that the petition be dismissed. Payne so maintained for the following three reasons: (1) Gardner's claims are not cognizable, and relief is not available to him; (2) assuming the claims state cognizable claims and are available to him, they are procedurally barred from federal court review; and (3) the claims are without merit. As a part of so maintaining, Payne alleged that Gardner was previously convicted of a felony sex offense in the State of California, which disqualifies Gardner from being parole eligible under Arkansas law. Payne supported his assertion by citing the undersigned to the Director's response to Grievance GR-20-00387. See Docket Entry 13 at CM/ECF 3 (citing Respondent's Exhibit B at 7). See also Docket Entry 13 at CM/ECF 12.

7

The undersigned reviewed the record in this case and, in doing so, reviewed the Director's response cited by Payne. The only mention of Gardner's prior offenses in the Director's response appeared to be as follows: "Due to your past and current convictions, you fall under Act 1805." See Docket Entry 13, Exhibit B at CM/ECF 7. It was not clear that the representation established Gardner has previously been convicted of a felony sex offense in the State of California. Given that lack of clarity, Payne was asked to file a supplemental response.

Payne thereafter filed a supplemental response. In the supplemental response, Payne cited a previously filed exhibit to support the assertion that Gardner has a prior conviction for a felony sex offense from the State of California. The exhibit, a Status Assignment Sheet, contains the following notation: "Per act 1805, inmate must serve 100% and is not eligible for parole, inmate deemed under act 1805 due to previous conviction of Sex with minor or (Statutory Rape) on 10/24/2003 on Court Case number TA07017001 from California." See Docket Entry 13, Exhibit D at CM/ECF 2. Payne also offered redacted pages of an ACIC/NCIC criminal history report. See Docket Entry 19 at CM/ECF 2. The exhibit supports Payne's assertion that Gardner has a prior conviction for a felony sex offense from the State of California.

Gardner was accorded an opportunity to file a reply to Payne's response and supplemental response. Gardner did so and continued to maintain that ADC officials are erroneously administering his sentence pursuant to the State of Arkansas' habitual offenders act and are erroneously administering his sentence in accordance with 16-93-609.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. It is undeniable that Gardner did not present his claims to the state courts of Arkansas, and the claims are therefore likely procedurally barred from federal court review. Rather than trudge through the procedural bar morass, though, the undersigned will simply address his claims because they warrant no relief for the following two reasons.

First, Gardner's claims are not cognizable, and relief is not available to him. He has no entitlement to the possibility of parole but simply has the right to be released from custody at the conclusion of his sentence.

In Jones v. Kelley, No. 5:19-cv-00099-BRW-JJV, 2019 WL 3194831 (E.D. Ark. June 20, 2019), report and recommendation adopted, 2019 WL 3137499 (E.D. Ark. July 15, 2019), Jones filed a petition pursuant to 28 U.S.C. 2254 and maintained that ADC officials were erroneously administering his sentence pursuant to 16-93-609. United States District Judge Billy Roy Wilson rejected the claim, in part, for the following reason:

> .... habeas corpus relief under 28 U.S.C. 2254 is available "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the [United] States." 28 U.S.C. 2254(a). There can be no federal constitutional violation absent a federally protected liberty interest, and there is no protected liberty interest in the possibility of parole. <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). Although a state may create a federally protected liberty interest in the process of establishing a parole system, Arkansas has not done so. <u>See</u> <u>Mason v. Hobbs</u>, 2015 Ark. 20, 453 S.W.3d 679; <u>Hamilton v. Brownlee</u>, 237 Fed. Appx. 114, at 115 (8th Cir. 2007) (unpublished per curiam) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions"). Therefore, Mr. Jones's claim is not cognizable in habeas.

<u>See</u> <u>Id</u>. at 9.

The undersigned adopts Judge Wilson's analysis and finds that Gardner does not have a protectable interest in the possibility of parole. Thus, Gardner's claims are "not cognizable in habeas."

Second, notwithstanding the foregoing, there is some evidence to support the determination that Gardner has a prior conviction for a felony sex offense, and ADC officials can administer his sentence in accordance with 16-93-609. The redacted pages of an ACIC/NCIC criminal history report reflect that he has a prior conviction for a felony sex offense from the State of California, specifically, a felony conviction for having had sex with a minor. <u>See</u> Docket Entry 19 at CM/ECF 2.

Gardner also maintains that ADC officials are erroneously administering his sentence pursuant to the State's habitual offenders act. His assertion has no merit. He was not sentenced as an habitual offender. See Docket Entry 13, Exhibit A at CM/ECF 24.[1]

On the basis of the foregoing, it is recommended that Gardner's petition be dismissed. All requested relief should be denied, and judgment should be entered for Payne.

DATED this 6th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Gardner also maintains that 16-93-609 should not be applied to his sentence because he has only one conviction from the State of Arkansas. Because his assertion involves the interpretation of a state law—whether the scope of 16-93-609 is limited to convictions solely from the State of Arkansas—and provides no connection to federal law, it will not be considered. See Jones v. Norris, No. 5:09-cv-00135-SWW-JJV, 2009 WL 4897755 (E.D. Ark. Dec. 11, 2009) (petitioner's arguments regarding statutory interpretation failed to provide any connection to federal law).

Finally, it is worth noting that when Gardner pleaded guilty to the allegations contained in the petition to revoke his probation, he acknowledged that "any parole time will be calculated by the parole board." See Docket Entry 13, Exhibit A at CM/ECF 21. Although his acknowledgement is not dispositive, it establishes that he was aware of the parole board's role in calculating his parole.